

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2007

# Egbule v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1384

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Egbule v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-1384 & 06-1716

_____

FRANKLIN GOZIE EGBULE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Mirlande Tadal
(No. A97-518-171)

_____

Argued March 9, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,[*] District Judge

(Opinion filed: April 12, 2007)

R. Nicholas Gimbel, Esquire (Argued)
McCarter & English
1735 Market Street, Suite 700
Philadelphia, PA   19103

_____

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Darcelle Gleason, Esquire
McCarter & English
100 Mulberry Street
Four Gateway Center
Newark, NJ   07102-0652

      Counsel for Petitioner

Patrick L. Meehan
  United States Attorney
Virginia A. Gibson
  Assistant United States Attorney
  Chief, Civil Division
Richard M. Bernstein (Argued)
  Assistant United States Attorney
Annetta F. Givhan, Esquire
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA   19106

Thankful T. Vanderstar
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC   20044

      Counsel for Respondent

---

OPINION

---

POLLAK, <u>District Judge</u>

Franklin Gozie Egbule, a thirty-one year old citizen of Nigeria, petitions for review

of a Board of Immigration Appeals (BIA) decision (1) adopting and affirming an order of

an Immigration Judge (IJ) that denied Egbule's application for asylum under 8 U.S.C. §

1158(a), or for withholding of removal under 8 U.S.C. § 1231(b)(3), and (2) denying

Egbule's motion to remand for the consideration of additional evidence.[1] In light of the

government's forthright acknowledgments in its brief and argument in this court that the

facts are in one salient respect more favorable to Egbule than the IJ perceived them to be,

we will grant the petition for review to the extent of remanding Egbule's case to the BIA

with directions to return the case to the IJ for reconsideration.

## I. Factual and Procedural Background

In his application for asylum, Egbule alleged that he experienced past persecution,

leading to a well-founded fear of future persecution, on the basis of his membership in the

Movement for the Actualization of the Sovereign State of Biafra (MASSOB), a non-

violent organization advocating independence of the southeastern region of Nigeria. At

an evidentiary hearing before the IJ on June 15, 2005,[2] Egbule testified that he

had been present at a MASSOB "launch" meeting in late 1999, had joined the

organization in February 2000, and had started driving a bus for the organization around

April 2000. He further testified that police had violently disrupted several MASSOB

---

[1] The BIA also adopted and affirmed the Immigration Judge's denial of relief under the Convention Against Torture. Egbule does not appeal this aspect of the BIA's decision.

[2] Between December 14, 2004 and June 15, 2005, Egbule had a total of eight removal-related hearings. The IJ provided Egbule with an "Application for Asylum and Withholding of Removal" form ("I-589") at his second hearing, held on January 14, 2005. At Egbule's third and fourth hearings—held on February 11 and February 25—the IJ continued proceedings due to Egbule's inability to present a completed I-589 to the court. J.A. at 150, 153-54.

meetings at which he had been present. The most significant incident occurred in December 2001, when the police allegedly fired live bullets into a crowd of over one thousand MASSOB members. Egbule escaped and hid with a friend in a nearby village. However, he later heard that the bus he drove to the meeting had been burned by police. The bus was registered to MASSOB and had a photocopy of Egbule's driver's license in the glove compartment.

Soon after the December 2001 incident, Egbule allegedly received word that the police were looking for him at his home. Egbule then fled to Lagos, where he hid for another few months. When he heard that the police were still stopping by his home in the course of their searches for MASSOB members, he arranged to travel to Germany on a false passport and visa. Egbule testified that he had been in Germany for about two and a half years when he heard that the Nigerian police were looking for him there. At that point, he arranged to travel to the United States on a false passport and visa. In answer to questions about how the police managed to identify and locate him, Egbule stated that he thought the police may have searched the bus before burning it, thereby obtaining the photocopy of his driver's license.

The documents Egbule provided in support of his testimony included his birth certificate, driver's license, MASSOB membership card, MASSOB membership form, and news stories about the Nigerian government's repression of MASSOB. At the June 15, 2005 hearing, Egbule was questioned about the fact that his membership form listed his age as 26 rather than 25, and his profession as "trader" rather than "driver." Egbule

4

was also questioned as to why the form listed his official status as "member/driver" when Egbule did not start driving for the organization until two months later. In response, Egbule stated that he had pointed these inconsistencies out to the MASSOB secretary when reviewing the membership form but had been told not to worry about them.

The IJ determined that Egbule "failed to show that he is a member of MASSOB. The document[] relied upon . . . as evidence that he was a member of MASSOB has incorrect information. Therefore, the document is unreliable and will be given no weight by the Court." J.A. 128. The BIA concluded that the IJ's adverse credibility determination was not clearly erroneous.

Egbule now seeks review of the BIA's decision. In his petition for review, Egbule argues, *inter alia*, that the IJ was incorrect to discount his evidence of MASSOB membership on the basis of the minor clerical errors in his MASSOB membership form—especially given Egbule's presentation of evidence supporting the validity of the membership form. On appeal, the government "agree[s] that the evidence in support of petitioner's contention that he was a member of MASSOB is substantial and that his membership argument is well-taken." Gov't Br. 7.

## II. Discussion

"Where . . . 'the BIA directs us to the opinion and decision of the IJ who originally assessed [the] application, we review the IJ's opinion.'" *Shah v. Att'y Gen.*, 446 F.3d 429, 434 (3d Cir. 2006) (quoting *Dia v. Ashcroft*, 353 F.3d 228, 240 (3d Cir. 2003) (en banc)). In deciding whether an applicant qualifies for asylum or withholding of removal, this

5

court reviews the IJ's findings of fact for substantial evidence, asking whether the IJ's "determinations are 'supported by evidence that a reasonable mind would find adequate.'" *Id.* (quoting *Dia*, 353 F.3d at 249).

The Immigration and Nationality Act (INA), 8 U.S.C. § 1001 *et seq.*, authorizes the Attorney General to grant asylum to an alien who demonstrates that he is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of" the country of his nationality "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1) (requiring asylum applicant to conform to definition of refugee); 8 U.S.C. § 1101(a)(42)(A) (defining refugee). As this court noted in *Berishaj v. Ashcroft*, 378 F.3d 314 (3d Cir. 2004), in order to establish eligibility for asylum on the basis of past persecution, an applicant must show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Id.* at 323 (internal quotation marks omitted). INA § 1231(b)(3) provides that the Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . membership in a particular social group, or political opinion."

The IJ's finding that Egbule had not established his membership in MASSOB was an important ingredient of her denial of Egbule's applications for asylum and withholding

6

of removal. However, as discussed above, Egbule's membership in MASSOB is now acknowledged by the government. Accordingly, we will remand to the BIA with instructions that it remand to the IJ so that the IJ can reconsider Egbule's applications for asylum and withholding of removal in light of the government's recognition that Egbule was a member of MASSOB. The BIA, in its discretion, may wish to suggest that the IJ consider the additional documents that Egbule acquired after his hearing in Immigration Court, and which formed the basis for Egbule's unsuccessful motion to the BIA for remand to the IJ.[3]

The petition for review will be granted and the case remanded to the BIA for further proceedings in accord with this opinion.[4]

---

[3] In view of our disposition of this case, we do not reach the question whether the BIA's denial of remand was an abuse of discretion.

[4] We wish to express appreciation for pro bono counsel's effective advocacy on Egbule's behalf. Both pro bono counsel and government counsel presented the case to this court with marked professionalism.